Date signed November 13, 2009



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| LESLIE CARL HOWARD | * | Case No.     05-32175DK |
| | * | Chapter     7 |
| | * | |
| | * | |
| Debtor | * | |

## MEMORANDUM OF DECISION

This case was originally commenced by the debtor by the filing of a voluntary Chapter 7 petition on September 25, 2005. On January 13, 2006, a discharge of debtor was entered by the court and after the filing by the Trustee of a Report of No Distribution, a Final Decree and closure of the case was entered on February 21, 2006. Nothing further was filed in regard to this closed case until September 30, 2009.

On September 30, 2009, the debtor filed a motion to reopen this Chapter 7 case stating therein three reasons for the Motion to Reopen Case. These are as follows:

    1. To avoid liens on the real property known as, 2322 Harlem Avenue, Baltimore, Maryland 21216.
    2. To add additional creditors that may have been inadvertently left out of the original petition.
    3. To determine the dischargeability of his student loans due to undue hardship.

Debtor's Motion to Reopen Case, at p.1.

On October 14, 2009, the court entered a Memorandum Order Denying the Motion to

Reopen addressing solely the request to reopen for the purpose of adding additional creditors. For the reasons stated in that Memorandum Order, the court found such purpose without merit. On October 19, 2009, *sua sponte*, the court entered an Amended Memorandum Order granting in part and denying in part the Motion to Reopen and therein addressed the additional request to reopen for the purpose of seeking a determination of non-dischargeability as to student loans and the purpose of filing motions to avoid liens.

As stated in the Amended Memorandum Order, the court permitted the reopening of the case for the limited purpose of allowing the debtor to file a complaint instituting an adversary proceeding to determine the non-dischargeability of a student loan. The court's reasoning in permitting this limited reopening of the case includes that the court has continued jurisdiction to determine the question of whether a particular debt is subject to the permanent injunction of the discharge issued by this court. *See Matter of National Gypsum Co*, 118 F.3d 1056 (5th Cir. 1997). Although it is correct that as to a question of non-dischargeability of an indebtedness determined under a Section of 11 U.S.C. § 523(a) that is not listed in 11 U.S.C. §523(c), a state court would have concurrent jurisdiction after the closure of the case, at least in the instant case the court determined that the debtor should not be denied the opportunity to raise the issue in the bankruptcy court. *See In re Carter*, 156 B.R. 768 (Bankr. E.D. Va. 1993).

However, as to reopening the case to permit the belated filing of motion to avoid liens, the court denied the debtor the opportunity to reopen the case for that purpose. The debtor has now filed a motion to reconsider the Amended Order insisting that the debtor should also be allowed to reopen the case for the purpose of filing motions to avoid liens.

The court finds the Motion to Reconsider without merit and will deny the same by an Order

to be entered.[1]  Section 350(b) of the Bankruptcy Code provides that a case may be reopened in the court in which such case was closed, to administer assets, to accord relief to the debtor, or for other cause.  Neither the statute nor case law interpreting the statute provide the debtor an absolute right to reopen to obtain relief that debtor could have requested (whether meritorious or not) before the closing of original case.  The United States Court of Appeals for the Fourth Circuit has spoken directly on this topic.  In the case of *Hawkins v. Landmark Finance Co., (In re Hawkins)*, 727 F.2d. 324 (4th Cir. 1984), a debtor filed a motion seeking to reopen a case to belatedly bring motions to avoid liens.  Unlike the present case, in the *Hawkins* case, the debtor did state the legal basis upon which such avoidances would be brought.  In the instant case, the debtor has given the court no facts nor citations of law as to upon what basis a motion to avoid lien would be sought or could be granted.

      In denying the Motion to Reopen in the *Hawkins* case, the Fourth Circuit determined that the reopening of a closed case is a discretionary matter, taking a middle view between courts which had held that the case could not be reopened to belatedly bring motions to avoid liens and courts which seem to hold that there was right to reopen for that purpose.

      In the instant case, the debtor waited more than three and a half years after the bankruptcy case was closed before seeking to reopen the case to bring motions to avoid liens.  The debtor provides absolutely no explanation for this delay.  Instead the debtor states that he is an attorney who has been unable to find sufficient employment to pay off certain large debts and is required by a divorce settlement to transfer ownership of the marital home to his former spouse.  Debtor now wishes a release of liens for that purpose.

---

[1] The Amended Memorandum Order continues to permit the debtor to reopen the case for the purpose of seeking a determination of non-dischargeability of the student loan.

The remainder of debtor's motion argues inapplicable state law as to statute of limitation provisions.  Finally, the court notes that the creditors whose liens the debtor would seek to avoid were not served with the motion to reopen nor the motion to reconsider.  They have thus not had a chance to respond.

After review of the totality of the facts in this case, the court determines that it should not exercise its discretion to permit the debtor to reopen the case for the purpose of filing belated motions to avoid liens.  There is no explanation for debtor's extreme tardiness.  The debtor has brought the motion without any notice to creditors whose rights would be effected by such motions.  At some point the doctrine of finality must be applied to prevent extremely late requests to revisit a bankruptcy case.  This is such as case.

An Order in conformity with this Memorandum shall be entered.

cc:  Debtor
     Debtor's Counsel
     Trustee
     U.S. Trustee
     All Other Parties-In-Interest

**End of Order**